IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS LESTER FURY III,<br><br>Defendant. | CR 18-001-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Thomas Lester Fury III (Fury) has been accused of violating conditions of his supervised release. (Docs. 36, 38, 42, 49, and 57). Fury admitted the alleged violations 1-4 as set forth in Documents 36, 38, and 42.  Fury's supervised release should be revoked.  Fury should be sentenced to custody until July 8, 2024, at 10:00 a.m. with 30 months of supervised release to follow.

## II.   Status

Fury plead guilty on March 15, 2018, to the offense of Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) as charged in the Indictment. (Doc. 18).  Fury was sentenced to 37 months of custody followed by 36

months of supervised release. (Doc. 30). Fury's current term of supervised release began on October 11, 2022.

### Petition, Amended Petition, and Second Amended Petition

On January 3, 2024, the United States Probation Office filed a Petition for Warrant for Offender Under Supervision, requesting that the Court revoke Fury' supervised release. (Doc. 36). The Petition alleged Fury violated conditions of his supervised release by (1) testing positive for methamphetamine and a marijuana metabolite on December 13, 2023, and (2) testing positive for methamphetamine and a marijuana metabolite on December 27, 2023.

On January 9, 2024, the United States Probation Office filed an Amended Petition for Warrant for Offender Under Supervision, requesting that the Court revoke Fury's supervised release. (Doc. 38). This Amended Petition alleged Fury violated the conditions of his supervised release by the added violation of: (3) testing positive for amphetamine and methamphetamine on January 7, 2024.

On January 11, 2024, the United Stated Probation Office filed a Second Amended Petition for Warrant for Offender Under Supervision, requesting that the Court revoke Fury's supervised release. (Doc. 42). This Amended Petition alleged Fury violated the conditions of his supervised release by the added violation of: (4) on January 10, 2024, interacting with known felons without obtaining permission of is probation officer.

### First Initial Appearance

Fury appeared before the Court on January 16, 2024. Fury was represented by counsel. Fury stated that he had read the Second Amended Petition and that he understood the allegations against him. Fury waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### First Revocation hearing

The Court conducted a revocation hearing on January 16, 2024. Fury admitted to violations 1-4 set forth above (Doc. 44). Specifically, Fury admitted to: (1) testing positive for methamphetamine and a marijuana metabolite on December 13, 2023; (2) testing positive for methamphetamine and a marijuana metabolite on December 27, 2023; (3) testing positive for amphetamine and methamphetamine on January 7, 2024; and (4) on January 10, 2024, interacting with known felons without obtaining permission of is probation officer. The revocation hearing was held in abeyance for 90 days, until April 16, 2024, and Fury was placed on home detention. (Doc. 44).

### Third Amended Petition

On February 21, 2024, the United States Probation Office filed a Third Amended Petition for Warrant for Offender Under Supervision requesting that the Court revoke Fury' supervised release. (Doc. 49). This Third Amended Petition

alleged Fury violated the conditions of his supervised release by the added violation of: (5) testing positive for methamphetamine on February 16, 2024.

### 2nd Initial Hearing

Fury appeared before the Court on February 26, 2024. Fury was represented by counsel. Fury stated that he had read the Third Amended Petition and that he understood the allegations against him. Fury requested an evidentiary hearing on allegation 5 and the parties consented to proceed with a revocation hearing before the undersigned. A revocation hearing was scheduled for March 12, 2024, and was subsequently re-set for March 26, 2024. (Doc. 56).

### Fourth Amended Petition

On March 13, 2024, the United States Probation Office filed a Fourth Amended Petition for Warrant for Offender Under Supervision requesting that the Court revoke Fury' supervised release. (Doc. 57). This Fourth Amended Petition alleged Fury violated the conditions of his supervised release by the added violation of: (6) failing to attend his substance abuse outpatient treatment session on February 21, 2024.

### 3rd Initial Hearing

Based upon an unopposed Motion to Vacate the March 26, 2024, revocation hearing, the Court issued an Order vacating such hearing and resetting it for April 30, 2024. (Doc. 59). Fury appeared before the Court on April 30, 2024. Fury stated

that he had read the Fourth Amended Petition and that he understood the allegations against him. Fury denied allegation 6 and requested an evidentiary hearing be set on allegations 5 and 6. The Court scheduled such evidentiary hearing for May 14, 2024. Defendant consented to continued detention and was ordered to remain in custody pending the revocation hearing.

**Evidentiary Hearing**

Fury appeared before the Court on May 14, 2024, for purpose of an evidentiary hearing regarding allegations 5 and 6 as set forth in the Fourth Amended Petition. Fury's counsel requested that the evidentiary hearing be continued to allow him to file exhibits with the Court. The Court re-set the evidentiary hearing for May 21, 2024, at 1:30 p.m. Based upon several motions to vacate and re-set the evidentiary hearing by Fury, such hearing was continued several times until July 2, 2024. (See Docs. 64, 66, 68, 71 and 73).

Fury appeared before the Court on July 2, 2024. At the outset of the hearing, the parties advised the Court an agreement had been reached and therefore an evidentiary hearing was not necessary. Specifically, the parties agreed that the Government would dismiss allegations 5 and 6, which the Court granted. The Court noted that Fury had previously admitted to violations 1-4 as set forth above. The violations are serious and warrant revocation of Fury's supervised release.

**Sentencing Hearing**

The Court conducted a sentencing hearing on July 2, 2024. Fury's violation is a Grade C violation. His criminal history category is VI. Fury's underlying offense is a Class C felony. Fury could be incarcerated for up to 24 months. Fury could be ordered to remain on supervised release for 36 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III. Analysis

Fury' supervised release should be revoked. Fury should be sentenced to custody until July 8, 2024, at 10:00 a.m., with 30 months of supervised release to follow. As an additional condition of Fury's supervised release, Fury shall enter and successfully complete the Jeremy House treatment program and abide by all terms and conditions imposed upon him at the Jeremy House. This sentence is sufficient but not greater than necessary.

### III. Conclusion

The Court informed Fury the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Fury of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Fury that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised

release and what, if any, sanction to impose. Fury stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocate before Judge Morris.

The Court **FINDS**:

> That Thomas Lester Fury has violated the conditions of his supervised release by (1) testing positive for methamphetamine and a marijuana metabolite on December 13, 2023; (2) testing positive for methamphetamine and a marijuana metabolite on December 27, 2023; (3) testing positive for amphetamine and methamphetamine on January 7, 2024; and (4) on January 10, 2024, interacting with known felons without obtaining permission of is probation officer violation.

The Court **RECOMMENDS:**

> That the District Court revoke Fury's supervised release and sentence FURY to custody until July 8, 2024, at 10:00 a.m., with 30 months of supervised release to follow. This Court further recommends that as an additional condition of supervised release, Fury shall enter and successfully complete the Jeremy House treatment program and abide by all terms and conditions imposed upon him at the Jeremy House.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocate before a district court judge.

DATED this 2nd day of July 2024.

John Johnston
United States Magistrate Judge